***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 6, reversed and remanded November 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

XILONG WANG,
aka Xen Liu, aka Xilong Wong,
*Defendant-Appellant.*

Washington County Circuit Court
21CR06562; A175786

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

Defendant was convicted of aggravated identity theft following a jury trial. On appeal, defendant raises one assignment of error, arguing that the trial court erred in denying his motion to suppress evidence discovered during a warrantless search of a vehicle in which he was a passenger. In denying the motion to suppress, the trial court found the search to have been justified under the "automobile exception" to the warrant requirement, as set forth in *State v. Brown*, 301 Or 268, 721 P2d 1357 (1986). However, the Supreme Court has since overruled *Brown* and eliminated the *per se* exigent circumstances justifying searches under the automobile exception. *State v. McCarthy*, 369 Or 129, 501 P3d 478 (2021).

The state concedes that the trial court's decision was based on a legal standard that no longer exists and agrees with defendant that the judgment should be reversed and remanded for further proceedings, consistent with *McCarthy*. We agree with and accept the state's concession.

Reversed and remanded.